******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ESPINOSA, J., concurring. I agree with the majority that the trial court's exclusion of the prospective juror, E, on the basis that he was "not able to speak and understand the English language" within the meaning of General Statutes § 51-217 (a) (3)[1] is subject to harmless error review. By not addressing the substantive issue of the propriety of the trial court's ruling, however, the majority leaves undisturbed the Appellate Court's conclusion, predicated upon an incorrect standard of review, that the trial court's ruling was improper. Specifically, the Appellate Court reviewed the trial court's factual finding—that E was unable to speak and understand English sufficiently to satisfy the requirements of § 51-217 (a) (3)—to determine whether there was sufficient evidence in the record to support it. *State* v. *Gould*, 155 Conn. App. 392, 393, 109 A.3d 968 (2015). Applying the proper standard of review, by contrast, I conclude that the trial court's finding was not clearly erroneous, and that the court's exclusion of E on the basis of that subordinate factual finding did not constitute an abuse of discretion. Accordingly, I concur.

The Appellate Court provided no authority to support its view that the applicable standard of review of a trial court's finding pursuant to § 51-217 (a) (3) that a prospective juror lacked sufficient proficiency in the English language is whether that finding has sufficient "support in the record." *State* v. *Gould*, supra, 155 Conn. App. 393. Nor did the court provide any explanation as to why it believed that a sufficiency of the evidence standard of review was appropriate.

I agree with Judge Prescott, who observed in his concurring opinion at the Appellate Court that "a trial court's determination that a prospective juror is unable to speak and understand English well enough to satisfy the requirements of . . . § 51-217 (a) (3) constitutes a finding of fact that rests on the court's personal observations of the juror's conduct and speech during his or her voir dire examination, a finding we cannot disturb unless it is clearly erroneous." Id., 409. A trial court's determination regarding a prospective juror's proficiency in the English language requires the court to consider any information offered, including the statements of the prospective juror, but most importantly requires the court to rely on its own observations, similar to the process by which a fact finder assesses the credibility of a witness. The present case illustrates this point. The trial court had the opportunity to hear the manner in which E spoke, observe his facial expressions and verbal responses to the statements of others, and note the time it took E to speak and to respond to others' statements—all factors that properly entered into the court's factual finding as to E's proficiency in

the English language. These are precisely the types of observations that are quintessential to the function of the trial court as fact finder. Given the importance of the trial court's reliance on its own observations in making the determination, the court's finding must be affirmed unless it is clearly erroneous.

The stringent, applicable standard of review is controlling in this appeal. "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *State* v. *Henderson*, 307 Conn. 533, 540, 55 A.3d 291 (2012). There was evidence in the record to support the court's finding that E's English proficiency did not meet the standards of § 51-217 (a) (3). For instance, the court noted that E stated that he understood only " 'most' " of what the court had stated when addressing the prospective jurors, and that the court had found it " 'extremely hard' " to understand E's speech. (Emphasis omitted.) *State* v. *Gould*, supra, 155 Conn. App. 410, 412. Additionally, in support of its challenge of E for cause, the state pointed to E's questionnaire, in which he had failed to disclose certain details of his criminal history, despite having disclosed those details during voir dire. The state also contended that E's answers to questions during voir dire were often not responsive to the questions that had been asked. The transcript of the voir dire examination of E provides support for that contention, which the trial court was entitled to consider in arriving at its ruling. The following exchange, which prompted the trial court to first express concerns regarding E's proficiency in the English language, provides but one example:

"[The Prosecutor]: Have you or anyone close to you ever been a victim of a crime?

"[E]: Yes.

"[The Prosecutor]: And are you comfortable telling me a little bit about that?

"[E]: Well, kind of—do you want to hear?

"[The Prosecutor]: If you're comfortable telling me, yeah, sure.

"[E]: Oh well, one time we are stopped by the police and they confused me by another person, and they like put something on me.

"[The Prosecutor]: A guy came and pulled something on you?

"[E]: Yes, kind of like that.

"[The Prosecutor]: Okay, and what did he pull on you?

"[E]: I think it was—there was after him one person and because he cannot get to that person, so he get

close to me and reached to my pocket without me knowing because I was sitting down. So, when the police came, that guy told me, hey this guy put something on you. That's it.

"[The Prosecutor]: Okay."

Subsequently during voir dire, it became clear that E had been charged with a drug offense in connection with the events to which he referred during this colloquy. In the above excerpt, however, E cites to this incident in response to the prosecutor's question as to whether he had ever been a *victim* of a crime. It is indisputable that the ability to understand the meaning of the word "victim" is important within the context of a criminal prosecution. The trial court, therefore, reasonably could have inferred, on the basis of E's failure to provide a responsive answer to the prosecutor's question, that there were questions regarding E's proficiency in the English language.

Of course, the trial court did not have only this single piece of information before it—there were other instances during voir dire when E's answers were not responsive. Additionally, as I have stated, the trial court was entitled to rely on its own observations, as well as the discrepancy between E's juror questionnaire responses and his answers during voir dire. That is, the court properly was required to consider the totality of the information before it in arriving at its finding that E had not satisfied the requirements of § 51-217 (a) (3). Accordingly, it simply cannot be said that there was no evidence in the record to support the trial court's finding, and the court was therefore acting within its broad discretion in granting the state's motion to exclude E for cause.

I respectfully concur.

[1] General Statutes § 51-217 (a) (3) provides: "All jurors shall be electors, or citizens of the United States who are residents of this state having a permanent place of abode in this state and appear on the list compiled by the Jury Administrator under subsection (b) of section 51-222a, who have reached the age of eighteen. A person shall be disqualified to serve as a juror if such person . . . is not able to speak and understand the English language . . . ."